IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

| | | |
|---|---|---|
| ORA JONES | * | |
| | * | |
| Plaintiff | * | |
| v. | * | |
| | * | |
| CAROLYN W. COLVIN, Acting | * | No. 3:14CV00187-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant | * | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ora Jones, appeals the final decision of the Commissioner of the Social Security Administration denying her claims for disability insurance benefits under Title II of the Social Security Act and for supplemental security income benefits under Title XVI of the Act. For reasons set out below, the decision of the Commissioner is AFFIRMED.

I.  BACKGROUND

On June 30, 2009, Plaintiff protectively filed for benefits due to depression, high blood pressure, anemia, obesity, pain in the back, leg, and knee, and a heel spur. (Tr. 342) An Administrative Law Judge ("ALJ") denied Plaintiff's claims in a June 7, 2011, decision, but the ruling was remanded by the Appeals Council. (Tr. 208-210, 194-202) Upon remand, the ALJ held a hearing on April 19, 2013, where Plaintiff appeared with her lawyer. At the hearing, the ALJ heard testimony from Plaintiff and a vocational expert ("VE"). (Tr. 172-186)

The ALJ issued a decision on June 13, 2013, finding that Plaintiff was not disabled under the Act. (Tr. 108-120) The Appeals Council denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision. (Tr. 1-4)

Plaintiff, who was forty-seven years old at the time of the hearing, has a GED and past relevant work experience as a dietary worker. (Tr. 174, 183)

## II.    DECISION OF THE ADMINISTRATIVE LAW JUDGE[1]

The ALJ found that Plaintiff had not engaged in substantial gainful activity since October 27, 2008, and she had the following severe impairments: obesity, depression, and knee arthralgias. (Tr. 111)  However, the ALJ found that Plaintiff did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (*Id.*)

According to the ALJ, Plaintiff has the residual functional capacity ("RFC") to perform light, unskilled work, except that she can only occasionally climb, balance, stoop, and bend, and may never crouch, kneel, or crawl.  She is limited to work where interpersonal contact is incidental to the work performed; supervision is simple, direct, and concrete; and the complexity of tasks is learned and performed by rote with few variables and little judgment.  (Tr. 113)  The VE testified that the jobs available with these limitations were cashier II and production assembler.  (Tr. 184)  Accordingly, the ALJ determined that Plaintiff could perform a significant number of jobs existing in the national economy, and found that she was not disabled.

---

[1]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy.  20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[2]20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

### III.   ANALYSIS

#### A.   Standard of Review

In reviewing the Commissioner's decision, this Court must determine whether there is substantial evidence in the record as a whole to support the decision.[3] Substantial evidence is "less than a preponderance, but sufficient for reasonable minds to find it adequate to support the decision."[4]

In reviewing the record as a whole, the Court must consider both evidence that detracts from the Commissioner's decision and evidence that supports the decision; but, the decision cannot be reversed "simply because some evidence may support the opposite conclusion."[5]

#### B.   Plaintiff's Argument for Reversal

Plaintiff asserts that the Commissioner's decision should be reversed because the ALJ underestimated her mental and physical impairments. (Doc. No. 11)

##### 1.   Mental Impairments

Plaintiff contends that the ALJ underestimated her mental impairments because he relied on a 2009 evaluation, but her condition has worsened since that time. In support, Plaintiff points out the on-going treatment she had from 2009 to the time of the hearing.

While it is true the ALJ relied on a 2009 assessment, he also considered the medical records since that time. In other words, the 2009 opinion was only one factor in a list of factors relied on by the ALJ. For example, in July 2011, Plaintiff was taking only half of the prescribed dose of her medication; in April 2012, she returned to therapy "after an extended absence"; at the April 2012

---

[3]*Boettcher v. Astrue*, 652 F.3d 860, 863 (8th Cir. 2011); 42 U.S.C. § 405(g).

[4]*Id.* (citing *Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005)).

[5]*Id.* (citing *Pelkey v. Barnhart*, 433 F.3d 575, 578 (8th Cir. 2006)).

3

visit, she reported that she had not seen a psychiatrist since July 2011; Plaintiff kept "only 4 out of 8 scheduled doctor's [visits] since 2010"; Plaintiff last visited the therapist in September 2012; and at that visit, the therapist noted that the medications seemed to be working. (Tr. 116, 707, 711, 712) So, in addition to the 2009 report, the ALJ properly considered Plaintiff failure to seek regular treatment,[6] failure to follow treatment plan,[7] and the fact that the medications helped[8] when assessing the alleged severity of Plaintiff's mental impairment.

   2.   Physical Impairments

Plaintiff asserts that her "extreme obesity and knee problems keep her from performing the standing and walking necessary for light work." (Doc. No. 11) However, there was substantial evidence to support the ALJ's finding.

**Failure to Follow Treatment Plan** – Plaintiff testified that her doctors advised her to lose weight, but she has not. (Tr. 158) In fact, it does not appear she has attempted to lose weight – *e.g.*, in January 2008, Plaintiff weighed 377 pounds and in 2012 she weighed 364 pounds. (Tr. 416, 768) As early as 2008, doctors recommended that Plaintiff exercise, but she testified that at the hearing in 2011 that she does not exercise. (Tr. 161, 414) The fact that Plaintiff has not followed through with doctor-recommended weight loss is an appropriate consideration when weighing the credibility of her disability claim.[9]

---

[6]*Edwards v. Barnhart*, 314 F.3d 964, 967 (8th Cir. 2003) (An ALJ may weigh the credibility of a claimant's subjective complaints of pain by considering multiple factors, including whether or not the claimant seeks regular medical treatment.).

[7]*Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility.").

[8]*Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002) ("An impairment which can be controlled by treatment or medication is not considered disabling.").

[9]*Nelson v. Sullivan*, 966 F.2d 363, 367 (8th Cir. 1992).

**Lack of Pain Medications / Treatment** – The ALJ considered the fact that Plaintiff takes no narcotic medications to treat her knee pain and received only conservative, routine treatment for the pain.[10] He also noted that Plaintiff's morbid obesity exacerbates her knee pain. (Tr. 115) Dr. Kumar noted that Plaintiff's "physical ability [was] limited . . . due to her obesity and right knee pain." (Tr. 566)   If an impairment can be controlled by treatment – in this case, weight loss – it is not considered disabling.[11]

**Working After Alleged Onset Date** – Plaintiff testified she had not worked since 2008, but she reported earning over $8,000 in 2010, which is after the alleged onset date. (Tr. 157, 324) The ALJ appropriately considered that Plaintiff worked after her alleged onset date, because "[w]orking generally demonstrates an ability to perform a substantial gainful activity."[12]

**Worker's Compensation** – Additionally, the ALJ noted that Plaintiff received unemployment benefits in 2008 and 2009. (Tr. 114, 156)   It is well settled that applying for unemployment benefits is one factor an ALJ can consider when determining whether a claimant is able to work, and can be used, along with other evidence, to weigh the claimant's credibility.[13]

**Other Records** – A 2009 x-ray revealed mild degenerative joint disease in the right knee and mild-to-moderate degenerative joint disease in the left knee. (Tr. 568)   However, at an October 2009 evaluation, Plaintiff had full range of motion in both knees, 5/5 strength in all extremities, and normal gait. (Tr. 564-565) Finally, at a September 2012 visit with her mental health therapist, Plaintiff reported "no co-occurring health problems." (Tr. 708)

---

[10]*Smith v. Colvin*, 756 F.3d 621, 626 (8th Cir. 2014).

[11]*Estes*, 275 F.3d at 725.

[12]*Goff v. Barnhart*, 421 F.3d 785, 792 (8th Cir. 2005).

[13]*Jernigan v. Sullivan*, 948 F.2d 1070, 1074 (8th Cir. 1991).

While there may be evidence that Plaintiff has limitations related to her impairments, the ALJ's finding that she could perform light work is supported by the record.[14] It is not the task of this Court to review the evidence and make an independent decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.[15] The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.[16]

### IV. CONCLUSION

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is sufficient evidence in the record as a whole to support the Commissioner's decision.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 20th day of February, 2015.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE

---

[14]*Davis v. Apfel*, 239 F.3d 962 (8th Cir. 2001) ("We may not reverse merely because substantial evidence also exists that would support a contrary outcome, or because we would have decided the case differently.").

[15]*Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

[16]*Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).